# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00379-CR

**Matthew Arthur Matthews, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT NO. CR2005-208, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Matthew Arthur Matthews pled guilty to forgery of a writing pursuant to a plea agreement and was given deferred adjudication for eighteen months. Near the end of that eighteen-month period, the trial court signed an order extending Matthews's period of supervision an additional twelve months to allow him to complete his required community service hours, drug and alcohol counseling, and psychological evaluation, but about six months into that new period, the State filed a motion to proceed with an adjudication of guilt, alleging that Matthews had missed an appointment with his probation officer; did not get his probation officer's permission before moving; did not pay his monthly supervision fees; tested positive for marihuana use; and failed to complete an educational skill level program, submit to a psychological evaluation, or complete a required out-patient treatment program. The trial court held a hearing on the State's motion, during which Matthews pleaded true to the allegations in the State's motion. The trial court then adjudicated Matthews's guilt and sentenced him to twenty-four months in a state jail facility.

On appeal, Matthews's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California*,

386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978). Matthew's attorney sent Matthews a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

We have considered the record and counsel's brief and agree that the appeal is frivolous and without merit. We have reviewed the evidence presented to the jury and the procedures that were observed and find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: May 12, 2010

Do Not Publish

---

[1] No substitute counsel will be appointed. Should Matthews wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.